IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JOSEPH PRESTIANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-CV-00077-C |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Petitioner Joseph Prestiano ("Petitioner"), proceeding pro se and *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 24, 2021. Doc. 3. Respondent submitted copies of Petitioner's pertinent state-court records and filed his answer and brief in support. Docs. 9, 10. Having considered all pleadings, the record, and applicable authorities, the Court concludes the petition must be **DENIED**.

**I. BACKGROUND**

The Court finds as follows:

  1. Respondent has lawful custody of Petitioner pursuant to two judgments of conviction from the 119th District Court of Tom Green County, Texas, in cause number B-16-0472-SA, styled *The State of Texas v. Joseph Prestiano*. Doc. 9-1 at 38-46. Petitioner waived his right to trial by jury and the trial court found him guilty on three counts of aggravated sexual assault of a child. *Id.* at 17, 38-46. Petitioner was sentenced to 50 years' imprisonment on each count, to run concurrently, on June 17, 2017. *Id.* 9-1 at 38-46.

  2. Petitioner appealed his convictions; the first two counts were affirmed and the third was reformed to a lesser-included offense and remanded for a punishment hearing. *Prestiano v. State*, 581 S.W.3d 935 (Tex. App.—Hous. [1st Dist.] Aug. 20, 2019). The Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.* Petitioner filed his state application for writ of habeas corpus on April 12, 2021. Doc. 9-26. After the trial court made findings of fact and conclusions of law, the CCA denied the

application without written order on findings of the trial court without hearing and on the court's independent review of the record November 10, 2021.  Doc. 9-25.

3. Petitioner filed his federal habeas petition on November 24, 2021.[1]  Doc. 3.  The court understands Petitioner to challenge his convictions on four grounds of ineffective assistance of counsel:

(1) Failure to object to hearsay and bolstering;
(2) Failure to adequately prepare for trial and investigate;
(3) Failure to obtain an expert witness; and
(4) Failure to present mitigating evidence.

Doc. 3 at 6-12. Respondent argues Petitioner's claims are meritless and he failed to overcome the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s deferential standard of review.  Doc. 10 at 1.

4. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254, as amended by AEDPA.

## II. STANDARD OF REVIEW

Under AEDPA, a claim adjudicated on the merits in state court may not be relitigated in federal habeas court unless:

(1) The claim is "contrary to" federal law [] clearly established in the holdings of the Supreme Court or "involved an unreasonable application of" such law, or (2) the claim "is based on an unreasonable determination of the facts" in light of the record before the state court.

See § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).  These determinations are limited to the record that was before the state court that adjudicated the claim on the merits.  § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  For purposes of § 2254(d)(1), "clearly established federal law" is Supreme Court precedent that existed when the state conviction became final.

---

[1] See *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (A prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing.).

*Williams v. Taylor*, 529 U.S. 362, 379-80 (2000). A state court's decision is "contrary to" Supreme Court precedent if the state court applies a rule that contradicts governing law or confronts facts that are materially indistinguishable from the relevant precedent and arrives at a different result. *Coleman v. Thaler*, 716 F.3d 895, 901 (5th Cir. 2013) (quoting *Williams*, 529 U.S. 406). A state court decision is based on an "unreasonable application" of such law when the state court identifies the correct governing legal principle but applies it unreasonably to the facts of the case. *Id.* at 901-02. The decision must be "objectively unreasonable," not merely wrong, and even "clear error" will not suffice. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

Factual "determinations" in state court decisions are presumed correct, and a petitioner bears the burden of rebutting them via clear and convincing evidence. § 2254(e)(1); *see Burt v. Titlow*, 571 U.S. 12, 22 (2013). A "decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); § 2254(d)(2).

### III. DISCUSSION

After carefully reviewing the state court records and the pleadings, the Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n. 12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction.").

The proper standard for judging Petitioner's contentions is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687. An

3

attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show:

> (1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different, and (2) counsel's deficient performance rendered the trial fundamentally unfair.

*Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697.

As discussed below, Petitioner's ineffective assistance of counsel claims were adjudicated

on the merits in a state court proceeding, and the denial of relief was based on a factual determination that will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. Petitioner raised substantially the same ineffective assistance of counsel claims in his Petition as in his applications for state habeas review. In Petitioner's state habeas proceedings, his trial attorney submitted an affidavit specifically addressing the ineffective assistance of counsel claims. Doc. 9-26 at 176-79. The trial court entered its findings of fact and conclusions of law, also thoroughly addressing Petitioner's ineffective assistance of counsel claims. Doc. 9-26 at 5-13. The trial court ultimately found meritless each of Petitioner's claims. *Id.* The CCA denied Petitioner's state habeas application based on the trial court's findings. Doc. 9-25. In the instant petition, Petitioner fails to present clear and convincing evidence to rebut the presumption of correctness afforded the findings of the state court and this Court sees nothing objectively unreasonable in light of the evidence presented in the state court proceeding. Petitioner also has not established the requisite deficient performance or actual prejudice for a valid ineffective-assistance claim.

Accordingly, Petitioner fails to show that the state court's decision to deny relief was unreasonable under *Strickland* and he is not entitled to habeas relief.

## IV. CONCLUSION

For the reasons set forth above, and based upon the facts and law clearly set forth in the Respondent's answer, the Court finds that Petitioner has not demonstrated that the state court's adjudication of his claim was contrary to or an unreasonable application of clearly established Supreme Court law as required by 28 U.S.C. § 2254(d). Thus, Petitioner's Petition for Writ of Habeas Corpus should be **DENIED** and this matter **DISMISSED** with prejudice.

It is, therefore, **ORDERED**:

1. The instant Petition for Writ of Habeas Corpus is **DENIED** and dismissed with prejudice.

2. All relief not expressly granted is denied and any pending motions are denied.

3. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth herein and in Respondent's Original Answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Judgment shall be entered accordingly.

SO ORDERED this 30th day of December, 2024.

SAM R. CUMMINGS
Senior United States District Judge